**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

LORI L WRIGHT,

    Plaintiff,

v.                                             Case No. 20-11312

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Lori Wright brings this action under 42 U.S.C. §§ 405(g), challenging Defendant Commissioner of Social Security's decision to deny Plaintiff Disability Insurance Benefits ("DIB") under the Social Security Act. (ECF No. 1.) The case was referred to Magistrate Judge Anthony P. Patti on June 28, 2021. (ECF No. 21.) Plaintiff and Defendant have now filed cross-motions for summary judgment. (ECF Nos. 17, 20.) The Magistrate Judge recommended on August 4, 2021, that the court deny Plaintiff's motion and grant Defendant's motion. (ECF No. 22.)

Plaintiff has now filed three objections to the Report and Recommendation ("R&R"). (ECF No. 23.) Defendant timely filed a response. (ECF No. 24.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, the court will overrule Plaintiff's objections and adopt the R&R.

## I. BACKGROUND

Plaintiff applied for ("DIB") disability insurance benefits in January 2017. (ECF No. 13-3, PageID.126.) Plaintiff claimed disability due to fibromyalgia, alleging disability as of June 2012 with a date last insured in December 2017. (*Id.*) Upon initial denial of the claim, Plaintiff challenged Defendant's decision at a hearing before Administrative Law Judge ("ALJ") Virginia Herring. (ECF No. 13-2, PageID.82-83) Plaintiff was represented by counsel at the hearing, and both Plaintiff and a vocational expert provided testimony. On April 4, 2019, the ALJ issued a written decision finding that Plaintiff was not disabled. (*Id.*, PageID.58.)

The ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset of disability (step-one), that she suffered severe impairments from her "history of fibromyalgia, lumbar and cervical spine degenerative disc disease, obesity, left hip bursitis, asthma, anxiety [disorder] . . . and posttraumatic stress disorder ('PTSD')" (step-two), and that she could not return to her past relevant work as a fast-food manager (step-four). (*Id.*, PageID.60-62, 71.) The ALJ, however, also held that Plaintiff's impairments did not meet or exceed the severity of the impairments listed in the applicable functional limitation regulations (step-three). (*Id.,* PageID.62.) And the ALJ also found that Plaintiff retained enough residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567, albeit with some limitations.

> [Plaintiff] can sit 6 hours in an 8-hour workday, but she can stand and/or walk only 4-hours, can occasionally climb stairs or ramps and must avoid climbing ladders, ropes or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch and crawl. She must avoid environments with extreme temperatures, excessive vibration, dangerous machinery and unprotected heights. The claimant is limited to simple and routine tasks and having only occasional interaction with the public.

(*Id.*, PageID.65.) After considering Plaintiff's education, work experience, residual functional capacity, and the testimony of a vocational expert at the hearing, the ALJ concluded (step-five) that Plaintiff could perform the unskilled work of a product processor, assembler, packager, and inspector/sorter. (*Id.*, PageID.72.) Therefore, the ALJ concluded that Plaintiff was not disabled as of the date last insured.

Plaintiff then filed the present action to appeal the ALJ determination. (ECF No. 1.) Magistrate Judge Anthony Patti issued a Report & Recommendation that would affirm the ALJ's decision and would find no reversible error. (ECF No. 22). Plaintiff has now filed three objections. (ECF No. 23.)

## II. STANDARD

When a party files timely objections to an R&R, the court "make[s] a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–74 (1980). This process provides the court "the opportunity to consider the specific contentions of the parties," *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981), and "enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). After re-examining the evidence relevant to these objections, the court determines whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In considering whether a claimant is entitled to disability benefits, the Commissioner is to determine whether the claimant: 1) worked during the alleged period of disability; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; 4) can return to past relevant work; and 5) if not, whether he or she can perform other work in the national economy. 20 C.F.R. § 404.1520. The Plaintiff has the burden of proof as to steps 1-4, but as to step 5, the burden shifts to the Commissioner to show that, "notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy." *Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 391-92 (6th Cir. 1999).

When reviewing the ALJ's determination, the standard of review is deferential. Where "substantial evidence supports the ALJ's decision, the reviewing court 'defers to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 299, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

In the present case, Plaintiff objects to the R&R's conclusion that ALJ Herring properly afforded proper weight to the treating physician's opinion, supported her residual functional capacity determination with substantial evidence, and properly analyzed Plaintiff's subjective claims of impairment. (ECF No. 23.) The court finds that all three objections lack merit.

## A. First Objection

Plaintiff argues that the ALJ failed to afford proper weight "to treating physician opinions contrary to the findings in the Report and Recommendation" (ECF No. 23, PageID.1386.) First, Plaintiff contends that the opinions of treating physician Dr. Thomas Graves, who concluded that Plaintiff had severe limitations, was not given proper weight (*Id.*, PageID.1387), and she contends the ALJ relied too heavily on a record review conducted by an outside physician. (*Id.*) Plaintiff argues, in the present objection, that the Magistrate Judge improperly "dismiss[ed]" these issues when they were raised on appeal. (*Id.*)

Because Plaintiff applied for DIB benefits before a March 2017 rule change, *see* 20 C.F.R. § 404.1527, the medical opinion of her treating physician "must be given controlling weight" if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009) (quotations omitted). *See also Hill v Comm'r of Soc. Sec.*, 560 F. App'x 547, 549, 550 (6th Cir. March 27, 2014) (finding that a citation to medical tests, claimant's admitted activities, and treating source's own records are "adequate reasons" for rejecting the treating opinion).

Magistrate Judge Patti provided a lengthy summary of the ALJ's even more voluminous analysis of Plaintiff's medical record. (*See* ECF No. 22, PageID.1372-75.) Judge Patti explained how the ALJ based her opinion in multiple citations to Dr. Grave's records that "showed [Plaintiff had] a full range of motion, a normal neurological examination and symptoms of fibromyalgia adequately controlled with medication." (*Id.*,

5

PageID.1373.) These citations contradicted Dr. Graves's finding that "Plaintiff required work allowing her to change position at will, take unscheduled breaks, . . . keep her legs elevated, . . . [and] that she was limited to lifting/carrying less than 10 pounds on a rare basis and experienced manipulative limitations." (*Id.*)

The Magistrate Judge also concluded that the ALJ had identified substantial evidence in the record contradicting some of the employment restrictions that Dr. Graves had opined were required. Rather than directly citing and explaining such evidence in her objection, Plaintiff now summarily objects that the Magistrate Judge's reasoning relies on "selective 'cherry picked' citation[s] to [the] medical records that includes normal findings but excludes multiple references to spasms, injections, limitations." (ECF No. 23, PageID.1390.)  To make this argument, Plaintiff *expressly* refers the court to her earlier briefing. Plaintiff suggests the court should:

> See ECF No. 13-6. . . (Representatives Hearing Brief) and ECF 13-7 (Plaintiff's Motion for Summary Judgement) for a detailed recital of the medical conditions which included a detailed description of the medical treatment rendered including spinal surgery, numerous epidural injections, and a multitude of medical tests.

(*Id.*, PageID.1390.)

Simply pointing back to reasons explained in a previous brief does not constitute proper grounds for an objection. "Such bare disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R." *Arroyo v. Comm'r of Soc. Sec.*, No. 14-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (Michelson, J.) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir.

1991)). Therefore, the court declines to reweigh evidence provided in previous briefing that the Magistrate Judge has already considered.

Plaintiff's current objection raises only two more specific evidentiary disputes, neither of which prove dispositive. First, Plaintiff now contends that the Magistrate Judge ignored evidence in the record suggesting that the ALJ made a factual error when she cited a 2018 camping trip Plaintiff took in northern Michigan where Plaintiff allegedly fell while "hiking in the woods." (*Id.,* PageID.1388.) The court has reviewed the relevant records and finds that the ALJ's version of events are largely supported by the record. Plaintiff testified that she traveled to a Mackinaw area campground and fell while walking outside because she stepped in hole. (ECF No. 13-2, PageID.112; ECF No. 13-12, PageID.1139.) The only part of the ALJ's version of the facts truly brought into contention by Plaintiff is the length of time that Plaintiff was out walking around the campground before she fell. (*See* ECF No. 13-2, PageID.94 (Plaintiff testifying at the hearing that she only walked a short distance before falling).)

Regardless of whether Plaintiff's walk around the campground was of sufficient duration to constitute a "hike," Plaintiff's decision to skip physical therapy and instead drive four to five hours to stay at a campground lends further support to the ALJ's conclusion that Dr. Graves's stated limitations—suggesting that Plaintiff needed to change position at will, take unscheduled breaks, and keep her legs elevated—were not accurate. Furthermore, even if the court did not consider evidence from Plaintiff's camping trip, the ALJ cited other evidence supporting her finding. For instance, Plaintiff does not contest records indicating that she took a similar "camping trip" in 2016 (skipping two weeks of physical therapy), helped her daughter move into college at

Central Michigan, and reported she was "driving a lot," all indications that Plaintiff was more mobile than Dr. Graves's opinion suggested. (ECF No. 13-2, PageID.85; ECF No. 13-7, PageID.368.)

Second, Plaintiff argues that "[t]he physical therapy notes are not discussed in the record despite exhibiting limitations in range of motion of the lumbar and cervical spine." (ECF No. 23, PageID.1391.) The court first notes that the ALJ did discuss Plaintiff's physical therapy in its determination. (*See* ECF No. 13-2, PageID.68 ("The claimant had some physical therapy but complained during the August 31, 2016 follow-up office visit that it was not effective. . . [s]he was advised to return but declined.").) While the ALJ did not discuss every limitation noted in the physical therapist's records, some level of physical impairment is consistent with the ALJ's finding that Plaintiff suffered severe symptoms from fibromyalgia but nevertheless retained some capacity to engage in restricted types of work. Regardless, the ALJ was under no obligation to consider every piece of conflicting evidence in the record. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d at 406. For all these reasons, the court will overrule this objection.

## B. Second Objection

Plaintiff next objects that the "residual functional capacity (RFC) determination is not supported by substantial evidence." (ECF No. 23, PageID.1392.) Plaintiff rests her second objection largely on the ALJ's failure to "mention or discuss the physical therapy that was performed in this case other than to impeach credibility relating to a refusal to immediately report to physical therapy." (*Id.*, PageID.1393.) As the court has already highlighted above, however, Plaintiff's contention is simply not accurate. The ALJ did discuss Plaintiff's limited physical therapy in her findings. (*See* ECF No. 13-2,

PageID.68.) The 2016 physical therapy records do not provide strong support for Plaintiff's position because they indicate the treatment was limited in duration (four weeks) and that she skipped sessions to go camping in Northern Michigan and to take other trips. (ECF No. 13-7, PageID.362, 368.) The court concludes that the ALJ's residual functional capacity finding was supported by substantial evidence. Thus, the court will overrule Plaintiff's second objection.

### C. Third Objection

Plaintiff's third objection is that "the ALJ violated SSR 16-3 and did not properly analyze the subjective claims of impairment and disability." (ECF No. 23, PageID.1395.) In response, Defendant points out that "Plaintiff's entire objection is copied verbatim from her initial brief." (ECF No. 24, PageID.1404 (citing ECF No. 17, PageID.1321-23; ECF No. 23, PageID.1395-96).) The court has compared Plaintiff's past briefing to the present objection and agrees with Defendant's assessment. This court has previously warned against simply repeating verbatim the same arguments in an objection when pursuing a Social Security appeal. A proper objection requires a party to identify errors in the Magistrate Judge's analysis. *Nash v. Comm'r of Soc. Sec.*, No. 16-14016, 2018 WL 1477663, at *2 (E.D. Mich. Mar. 27, 2018) (Cleland, J.). "Because Plaintiff raises no specific objection[] to Judge Patti's R&R, but merely repeats her brief *word for word*, Plaintiff has waived [that] objection[]." *Id.* (citing *Janney v. Comm'r of Soc. Sec.*, No. 3:13CV399, 2014 WL 1117826, at *1 (N.D. Ohio Mar. 19, 2014)).

9

### IV. CONCLUSION

For the reasons stated above, the court will overrule Plaintiff's objections and adopt the Magistrate Judge's well-reasoned R&R in full and without amendment. Accordingly,

IT IS ORDERED that Plaintiff's objections (ECF No. 23) are OVERRULED, and the Magistrate Judge's August 4, 2021 Report and Recommendation (ECF No. 22) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED, and Plaintiff's Motion for Summary Judgment (ECF No. 17) is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 20, 2021
I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 20, 2021, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(810)292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\20-11312.WRIGHT.ObjectionstoRR.AAB.docx